UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LAKISHA SIMPKINS | CIVIL ACTION NO. 18-1540 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ROXANNA BALUNA, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Plaintiff Lakisha Simpkins ("Simpkins") filed a "Petition for Protection from Stalking or Sexual Assault Pursuant to La. R.S. 46:2171 et seq. or La. R.S. 46:2181 et seq." on October 2, 2018, in Louisiana state court. [Record Document 6-2 at 11-31]. Defendants Roxanna Baluna ("Baluna") and the United States removed the case pursuant to 28 U.S.C. § 1142(a). Defendants have now filed the instant motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. [Record Document 8]. Simpkins, a pro se litigant, did not file a response. For the reasons stated below, Defendants' motion [Record Document 8] is hereby **GRANTED** and Simpkins's suit against Baluna in her official capacity and the United States is **DISMISSED WITHOUT PREJUDICE.**

I. <u>Background</u>

Baluna is the Chief of Radiation Oncology at the Department of Veterans Affairs, Overton Books, VA Medical Center where Simpkins is also employed. [Record Document 6-2 at 13-15]. In her petition for a restraining order, Simpkins alleges that Baluna threatened to

1

"get rid of" her if Simpkins did "not do what is asked of" her and that Baluna "constantly yells and point [sic] her finger and tries to intimidate [her] or just make [her] job as difficult as possible." [*Id.*] Simpkins states that Baluna "gets right in [her] face and wont [sic] stop and [she] is] afraid she's actually going to hurt [her.]" [*Id.*] Simpkins also details two specific incidents in 2017 where Baluna allegedly acted in the manner here described. [*Id.*]

After successfully removing the case from the state court, Defendants filed the motion to dismiss now pending before the Court. [Record Documents 3 and 8]. Defendants assert that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject matter jurisdiction. [Record Document 8-1 at 9-16]. The Court lacks jurisdiction, they argue, because the United States has not waived sovereign immunity as is necessary to sue Baluna in her official capacity or the United States. [Record Document 8-1 at 9-11]. Defendants add that Title VII precludes any part of Simpkins's claim that alleges discriminatory employment actions, that the Court lacks jurisdiction over any part of the claim relating to adverse personnel actions, and that the derivative jurisdiction doctrine strips this Court of jurisdiction because the state court never had proper jurisdiction over this action. [Record Document 8-1 at 11-16]. Should this Court find it has subject matter jurisdiction, Defendants contend that the case must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Record Document 8-1 at 16-17].

## II. Law and Analysis

When a Rule 12(b)(1) motion is filed with other Rule 12 motions, a court must first consider the Rule 12(b)(1) motion before reaching any challenges to the merits of a claim. *Willoughby v. United States ex rel. U.S. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). Thus, the Court will first address Defendants' Rule 12(b)(1) arguments and, because the Court grants the motion on one of these grounds, it will not consider Defendants' remaining Rule 12(b)(1) arguments or Defendants' Rule 12(b)(6) argument.

### A. Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge a federal court's subject matter jurisdiction to hear a case. Fed. R. Civ. P. 12(b)(1). A claim should be dismissed under this rule "'when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). When a court applies Rule 12(b)(1), it may dismiss the claim "for a lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Willoughby*, 730 F.3d at 479 (quoting *Spotts v. United States*, 613 F.3d 559, 565-66 (5th Cir. 2010)). In this case, Defendants state that the Court need only look at Simpkins's petition, and therefore the Court confines its consideration to the petition alone. [Record Document 8-1 at 8]. Thus looking at the petition, the motion to dismiss should be "granted if it appears certain that the

plaintiff cannot prove any set of facts in support of [her] claims entitling [her] to relief." *In re FEMA Trailer*, 668 F.3d at 287.

### B. Sovereign Immunity

Defendants first argue that this Court lacks subject matter jurisdiction over Simpkins's claim because Baluna was acting in her official capacity when the alleged actions occurred. [Record Document 8-1 at 9-11]. This means Simpkins's suit is really against the United States, which is entitled to sovereign immunity. [*Id.*]

Defendants are correct that a suit against a federal official in her official capacity is construed as a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The United States can only be sued "if a federal statute explicitly provides a waiver of sovereign immunity." *In re FEMA Trailer*, 668 F.3d at 287. Whether the United States has waived sovereign immunity is a question of subject matter jurisdiction and is therefore properly considered under Rule 12(b)(1). *United States v. $4,480,466.16 in funds seized from Bank of Am. Account ending in 2653*, 936 F.3d 233, 239 (5th Cir. 2019). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Id.* at 237 (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).

Simpkins did not specify whether she filed the petition against Baluna in her official or individual capacity, so the Court begins its analysis by determining in what capacity Simpkins brings suit against Baluna because this determines if sovereign immunity is applicable.

4

### i. Individual or Official Capacity

Faced with a nearly identical situation, a Louisiana federal district court found that a United States Postal Service ("USPS") supervisor was acting in his official capacity. *Turner v. Scott*, No. CV 18-00998-BAJ-RLB, 2019 WL 3771751, at *2 (M.D. La. Aug. 9, 2019). In *Turner*, a USPS employee filed the same Petition for Protection from Stalking or Sexual Assault Pursuant to La. R.S. 46:2171 et seq. or La. R.S. 46:2181 et seq. as Simpkins did in this case. [Civil Action No. 3:18-cv-00998-BAJ-RLB Record Document 1-2 at 2]. The petition also failed to state if the defendant was being sued in his official or individual capacity. [*Id.*] After the *Turner* defendant removed the case from the Louisiana state court to the federal district court using the same removal statute as the instant case, the federal court found that the plaintiff named the defendant in his official capacity because the harassment allegation contained in the initial petition "relates directly to Defendant's performance of his duties as Plaintiffs [sic] supervisor at a federal facility."

In this case, Simpkins's petition likewise only addresses conduct that allegedly occurred while Baluna was carrying out her duties as Chief of Radiation Oncology at the Department of Veterans Affairs. [Record Document 6-2 at 13-14]. Thus, Simpkins has sued Baluna in her official capacity and the suit must therefore be treated as one against the United States.

### ii. Waiver of Sovereign Immunity

The Court must next consider if the United States has waived sovereign immunity for this claim. Waivers of sovereign immunity "'cannot be implied but must be unequivocally expressed,' and any waiver 'will be strictly construed, in terms of its scope, in favor of the

sovereign.'" *Bank of Am. Account*, 936 F.3d at 237 (quoting *Doe v. United States*, 853 F.3d 792, 796 (5th Cir. 2017)). "Plaintiff bears the burden of showing Congress's unequivocal waiver of sovereign immunity." *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009).

Simpkins's petition does not identify any statute in which the United States has waived sovereign immunity and consented to being sued in this manner. Thus Simpkins has failed to meet her burden of demonstrating that Congress has unequivocally waived sovereign immunity, and this Court lacks subject matter jurisdiction over Plaintiff's claim.

## III. Conclusion

For the reasons stated above, Defendants' motion to dismiss [Record Document 8] is hereby **GRANTED** and Plaintiff's suit against Baluna in her official capacity and the United States is **DISMISSED WITHOUT PREJUDICE.**

A judgment consistent with this Memorandum Order will issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 2d day of October, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE